UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

GENERAL STAR INDEMNITY COMPANY,

                Civil No. 22-2258 (JRT/DTS)

        Plaintiff,

v.

              **ORDER DENYING MOTION TO DISMISS**

TOY QUEST LTD, CHAN MING YIU, CHAN               **OR STAY**
SIU LUN, LIU YI MAN, and ASI, INC.,

        Defendants.

---

Laura J. Hanson, **MEAGHER & GEER, PLLP**, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402; Cara Tseng Duffield and Ashley-Anne Criss, **WILEY REIN LLP**, 2050 M Street Northwest, Washington, DC 20036, for Plaintiff.

Brandon Underwood, **FREDRIKSON & BYRON, P.A.**, 111 East Grand Avenue, Suite 301, Des Moines, IA 50309; Richard D. Snyder, **FREDRIKSON & BYRON, P.A.**, 60 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for Defendants Toy Quest Ltd., Chang Ming Yiu, Chan Siu Lun, and Liu Yi Man.

Keith M. Sorge, **ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, PA**, 81 South Ninth Street, Suite 500, Minneapolis, MN 55402; Shelli L. Calland, and Stephen A. Weisbrod, **WEISBROD MATTEIS & COPLEY PLLC**, 1200 New Hampshire Avenue Northwest, Suite 600, Washington, DC 20036, for Defendant ASI, Inc.

Plaintiff General Star Indemnity Company seeks a declaration that it has no duty to defend or indemnify Defendants Toy Quest LTD, Chang Ming Yiu, Chan Siu Lun, and Liu Yi Man in a separate case that is currently pending in this district. *See ASI, Inc. v. Aquawood LLC, et al.*, No. 19-763. Defendants have moved to dismiss or stay this action and argue that the Court should abstain from exercising jurisdiction, as is within the Court's

discretion. Because the Court finds that the there is no parallel proceeding likely to resolve the issues raised by this action, and because the relevant factors do not favor abstention, the Court will deny the Motion to Dismiss or Stay. The Court also considers the additional concerns raised by Defendants but finds that none outweigh the interest of the parties in resolving this dispute promptly.

## BACKGROUND

### I.  FACTS

This case is directly related to *ASI, Inc. v. Aquawood LLC, et al.*, No. 19-763 (the "ASI Action").[1] General Star issued a pair of liability insurance policies to Defendants Toy Quest LTD, Chang Ming Yiu, Chan Siu Lun, and Liu Yi Man (together the "Insureds"), each of whom is a defendant in the ASI Action.[2] (Compl. ¶¶ 1–3, Sept. 16, 2022, Docket No. 1.) General Star seeks to end the coverage it has been providing under the policies. (*Id.* ¶¶ 5–6.)

### A.  The Policies

General Star issued a Primary Commercial General Liability insurance policy (the "Primary Policy") and an Excess Liability policy (the "Excess Policy") to Insureds. (Compl.

---

[1] The Complaint refers to this as the Aviva Action, but Aviva and ASI are interchangeable names for the same entity.
[2] Although listed as a Defendant in this case, ASI, Inc. ("Aviva") is not a true defendant and does not oppose the motion to dismiss.

¶¶ 1–2.)  The policy period for each is the same: January 2, 2015, through February 1, 2016. (*Id.*)

The policies at issue provide coverage for "sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury liability.'" (*Id.* ¶ 21.)  "Personal and advertising injury" is defined as any "[I]njury, including consequential 'bodily injury,' arising out of" a list of enumerated offenses. (*Id.* ¶ 22.)  Relevant from that list of offenses is the inclusion of "malicious prosecution," meaning that the policies cover the Insureds if they are sued under a theory that Insureds engaged in malicious prosecution. (*Id.* ¶ 22.)

The policies specify that only the offenses alleged to have been committed in the policy periods are covered, (*Id.* ¶ 21), and that they are subject to certain exclusions. (*Id.* ¶ 23.)  In particular, the Primary Policy excludes coverage for "[a]ny alleged or actual unfair competition [claims], including but not limited to unfair competition in violation of common law, State Statutes or the Lanham Act." (*Id.*)  The Primary Policy also excludes damages as a result of any injury prior to the policy's "Inception Date" or that were "in the process of beginning or occurring as of the Inception Date" of the policy, and "including any 'occurrence' which continues during this policy period." (*Id.* ¶ 24.)  The Excess Policy is subject to the same conditions as the Primary policy. (*Id.* ¶ 25.)

B.    **The Underlying Action**

ASI initiated its action against Defendants on March 19, 2019. (*Id.* ¶ 26.)  On May 17, 2021, ASI filed an Amended Complaint that is now the operative complaint in that

action (the "ASI Complaint"). (*Id.* ¶ 27.) ASI alleges that in 2013, it won a default judgment for $8.5 million against Manley Toys Limited for false advertisement under the Lanham Act. (*Id.* ¶ 28–29.) ASI's primary claim is that defendants in that action, including the Insureds in this case, have engaged in a scheme to avoid paying the judgment. (*Id.* ¶ 30.) The ASI Complaint asserts claims for fraud, abuse of process, civil conspiracy, civil RICO violations, fraudulent transfers, and aiding and abetting fraudulent transfers. (*Id.* ¶ 31.)

### C.  General Star's Requested Relief

Under Count I, General Star seeks a declaration that they have no duty to defend or indemnify the Insureds for the ASI Action because the allegations in that action do not trigger coverage—meaning the ASI claims do not fall into the list of offenses permitted by the policies. (*Id.* ¶¶ 36–43.) Count II seeks a declaration that the "Intellectual Property Rights and Related Claims Exclusion" clause in the policies bars coverage as well because the ASI Action is based on an unfair competition claim under the Lanham Act. (*Id.* ¶¶ 44–50.) Count III seeks a declaration that there is no coverage under the "Pre-Existing Injury Exclusion" clause because any injury caused by Insureds occurred outside of the coverage period. (*Id.* ¶¶ 51–56.)

## II.  PROCEDURAL HISTORY

The Insureds moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for the Court to stay the case pending the resolution of the ASI Action. (*See generally* Mot. Dismiss or Stay, Dec. 9, 2022, Docket No. 23.) The Insureds argue that

the Court should abstain from exercising jurisdiction. (Defs.' Mem. Supp. Mot. Dismiss, Dec. 09, 2022, Docket No. 21.) General Star opposes the motion. (Pl.'s Mem. Opp. Mot. Dismiss, Jan. 9, 2023, Docket No. 36.)

## DISCUSSION

### I. STANDARD OF REVIEW

A federal district court generally must exercise its jurisdiction over a claim unless there are "exceptional circumstances" for not doing so. *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 967 (8th Cir. 2013). This general rule, however, "yields to practical considerations and substantial discretion when the federal complaint seeks a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a)." *See id.* (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)). The Supreme Court has described discretion under the Declaratory Judgment Act as "unique and substantial," emphasizing "that a court **may** declare the rights and other legal relations of any interested party seeking such declaration." *Wilton*, 515 U.S. at 286 (emphasis in original). Accordingly, federal courts possess broad discretion to abstain from exercising jurisdiction over declaratory judgment lawsuits.

### II. ANALYSIS

The Court's discretion to exercise jurisdiction under the Declaratory Judgment Act is most impacted by whether there exists a "parallel" state court action, in which case the

district court's discretion is at its peak due to principles of federalism and comity.[3] *See Lexington Ins. Co.*, 721 F.3d at 967–68. In the absence of a parallel state action, "discretion to abstain or grant a stay still exists, but that discretion is less broad and is to be exercised according to a six-factor test." *Id.* at 968. Thus, the Court must first decide whether there is a parallel state court proceeding.

### A. The ASI Action is Not a Parallel Proceeding

The Court finds that no parallel action exists in this case. An action is parallel "if substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 998 (8th Cir. 2005) (internal quotations and citation omitted). Though the Eighth Circuit has acknowledged that the definition of a parallel proceeding is "necessarily imprecise given the wide array of issues—and varying articulations of similar issues—that may arise in arguably related litigation," the primary consideration is whether the current dispute is likely to be "fully"

---

[3] Insureds argue that courts routinely opt to abstain in situations involving federal rather than state parallel proceedings as well. But typically, those cases involve situations where there are forum shopping or choice-of-law issues that make one forum more appropriate than another. *See Knapp v. Depuy Synthes Sales Inc.*, 983 F. Supp. 2d 1171, 1177 (E. D. Cal. 2013) (declining to exercise jurisdiction when the contract at issue specified Pennsylvania as the proper forum and defendant had initiated a suit in federal court there); *Steadfast Ins. Co. v. Env't Barrier Co. LLC*, No. 2:15-1442, 2016 WL 878122, at *6 (W.D. Pa. Mar. 8, 2016) (declining jurisdiction because, among other reasons, the other forum state had a stronger interest on the issues). This case does not concern any issues of forum shopping or choice-of-law because both cases are before the same district judge.

and "'satisfactorily'" resolved in the allegedly parallel proceeding. *Lexington Ins. Co.*, 721 F.3d at 968 (quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)).

In this case, both of the relevant actions are before the same federal court. Critically, the cases do not involve the same parties, and they do not deal with the same issues. Therefore, the Court finds that its discretion to abstain is diminished by the absence of a parallel proceeding.

### B. Six-Factor Test

The absence of a parallel action is not dispositive and discretion to abstain or grant a motion to dismiss still exists, but that discretion is guided by consideration of a six-factor test:

(1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue;

(2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding;

(3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts;

(4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;

(5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and

(6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Lexington Ins. Co.*, 721 F.3d at 968 (citing *Scottsdale*, 426 F.3d at 998) (cleaned up). The Court will analyze each factor accordingly.

### 1.     Factors 1 and 2

Under the first and second factor, the Court must consider whether the declaratory judgment sought by General Star can settle the legal relations at issue and afford relief from "uncertainty" and "insecurity" to both General Star and the Insureds. That is plainly the case here. At the conclusion of this lawsuit, either General Star must indemnify Insureds, or it will be relieved of that duty immediately.

### 2.     Factors 3, 4, and 5

The third through fifth factors reflect federalism concerns that are not at issue in this case because there is no state case pending, and no state has an interest in the issues being decided. Similarly, there are no efficiency or entanglement issues because no state court is currently entertaining this or related questions.

### 3. Factor 6

The sixth factor concerns whether a party is attempting to abuse otherwise proper procedures to gain an advantage in the underlying action. Here, Insureds are worried about the impact this litigation may have on the ASI Action, in particular in the form of *res judicata*. But General Star is not a party to the ASI Action, which is typically necessary for an issue determination to have preclusive effect. *See Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008) ("The application of claim and issue preclusion to nonparties [ ] runs up against the deep-rooted historic tradition that everyone should have his own day in court.") (internal quotations and citation omitted). Additionally, the Eighth Circuit has stated that the sixth factor does not encompass concerns of offensive or defensive collateral estoppel. *See Scottsdale Ins. Co.*, 426 F.3d at 1000 (declaring that the sixth factors "does not encompass" concerns "akin to offensive or defensive collateral estoppel"). This is so because the Court must decide issues based on the "situation that confronted it at the time it [makes] that decision" and "without regard to any later developments." *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419,423 n. 25 (4th Cir. 1998).

Thus, the Court concludes that each of the six factors weigh against abstention.

### C. Other Considerations

Though technically unrelated to the six factors the Court must consider, the Insureds raise various other considerations, which the Court will address for the sake of completeness.

### 1. Potential Prejudice to Insureds

First, the Insureds are concerned that allowing this litigation to move forward could prejudice them in the underlying ASI Action. They rely on *Travelers Property Casualty. Company of America v. New York Radiation Therapy Management Services*, to argue that courts regularly find that allowing an insurer's declaratory judgment action against the insureds prejudices them in three ways: (1) by placing Insureds in the uncomfortable position to battle on two fronts; (2) by undercutting the very purpose of liability insurance; and (3) creating possible collateral estoppel effects on issues being litigated in the underlying action. No. 19-694, 2009 WL 2850691, at *2 (S.D.N.Y. Aug. 31, 2009). But that case involved very different concerns than the present action because of the existence of a parallel state court proceeding. *Id.* at *1. Additionally, the Southern District of New York determined that facts set to be resolved in the coverage action would impact the underlying action. *Id.* at *2; *see also Wells Dairy, Inc. v. Travelers Indem. Co. of Illinois*, 241 F. Supp. 2d 945, 977 (N.D. Iowa 2003), *enforcement granted in part, denied in part*, 266 F. Supp. 2d 964 (N.D. Iowa 2003) ("The court finds it particularly significant that certain coverage issues raised in this case turn on facts that have yet to be litigated in the underlying actions.").

In contrast, though the Insureds raise various concerns—ASI and General Star being aligned against Insureds, the undermining of possible defenses in the underlying action, and being burdened with adverse factual determinations—they point to no

-10-

specific factual disputes that will need to be resolved in this litigation that might have any of the negative consequences Insureds fear.

Count I of General Star's Complaint concerns a purely legal question for the Court. The main issue will be whether under Minnesota law, a claim for abuse of process triggers the Policies' coverage for malicious prosecution.  Counts II and III will likewise be resolved based on the Court's interpretation of the ASI Complaint because under Minnesota law, an insurer's duty to defend is triggered "when a complaint alleges facts arguably falling within the scope of the policy."  *Midwest Family Mut. Ins. Co. v. Justkyle, Inc.*, 2018 WL 1512294, at *4 (D. Minn. Jan. 30, 2018) (citing *St. Paul Fire & Marine Ins. Co. v. Nat'l Chiropractic Mut. Ins. Co.*, 496 N.W.2d 411, 415 (Minn. Ct. App. 1993)).  Thus, in relation to Count II, the Court must determine whether the allegations in the ASI Complaint arise out of unfair competition under the Lanham Act.  With regards to Count III, the Court must determine whether the alleged harm in the ASI Complaint arose before the coverage period.

The Court finds that these determinations are unlikely to require much if any discovery or implicate any issues in the underlying action.  Of course, this does not preclude the parties from requesting discovery as necessary in this litigation.

### 2. Duplication Concerns

Second, the Insureds also argue that the Court should abstain to avoid duplicative efforts and allow the facts to be fully developed in the ASI Action before entertaining

-11-

General Star's claims. But the Court finds that any duplication concerns do not outweigh the interests to the parties of settling this separate dispute.

### 3. State Law Questions

Third, the Insureds argue that the Court should abstain because this case involves a novel question of state law: whether "malicious prosecution" covers claims of abuse of process in Minnesota. Although federal courts exercise caution when interpreting state law, the Eighth Circuit has explained that this is less of a concern where "no state court ha[s] been called upon to address the coverage issue," and therefore the Court's determination "would not conflict with any state court determination." *Scottsdale Ins. Co.*, 426 F.3d at 999 (internal quotation and citation omitted).

Here, there is no parallel state case, nor has the Court been apprised of any state court currently considering this question. To the extent it is necessary to reach this issue, the Court may look to Minnesota precedent to predict how the Minnesota Supreme Court may rule. *See Engineered Sales, Co. v. Endress + Hauser, Inc.*, 980 F.3d 597, 599 (8th Cir. 2020) ("Because we are interpreting Minnesota law, we are bound by the decisions of the Minnesota Supreme Court, and if the Minnesota Supreme Court has not spoken on a particular issue, we must attempt to predict how the Minnesota Supreme Court would decide it and may consider relevant state precedent, analogous decisions, considered dicta[,] and any other reliable data.") (citations omitted) (cleaned up).

Therefore, the Court finds that none of the additional considerations raised by Insureds are sufficient to persuade the Court to abstain from exercising jurisdiction.

However, should circumstances change, the Court may entertain staying the case as necessary.

## CONCLUSION

The Court concludes that exercising jurisdiction over this case is appropriate and will deny the Motion to Dismiss or Stay because there is no parallel proceeding and none of the relevant factors favor abstention.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or Stay [Docket No. 23] is **DENIED**.

DATED: August 2, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge