**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

GENERAL STAR INDEMNITY COMPANY,

                                                                    Civil No. 22-2258 (JRT/DTS)

                                          Plaintiff,

v.

                                                        **MEMORANDUM OPINION AND ORDER**
                                                        **GRANTING MOTION FOR JUDGMENT ON**
TOY QUEST LTD.; CHAN MING YIU, also                         **THE PLEADINGS**
known as, SAMSON CHAN; CHAN SIU
LUN, also known as, ALAN CHAN; LIU YI
MAN, also known as, LISA LIU; ASI, INC.,

                                          Defendants.

        Cara Tseng Duffield, **LAVIN RINDNER DUFFIELD LLC**, 1717 K Street
        Northwest, Washington, DC 20006; Erin D. Doran and Laura J. Hanson,
        **MEAGHER & GEER, P.L.L.P.**, 33 South Sixth Street, Suites 4300 and 4400,
        Minneapolis, MN 55402, for Plaintiff.

        Brandon Underwood, **FREDRIKSON & BYRON, P.A.**, 111 E. Grand Avenue,
        Suite 301, Des Moines, IA 50309; Richard D. Snyder, **FREDRIKSON & BYRON,**
        **P.A.**, 60 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for
        Defendants Toy Quest Ltd., Samson Chan, Alan Chan, and Lisa Liu.

        Keith M. Sorge, **ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, PA**,
        81 South Ninth Street, Suite 500, Minneapolis, MN 55402; Shelli L. Calland,
        **WEISBROD MATTEIS & COPLEY PLLC**, 1200 New Hampshire Avenue
        Northwest, Fourth Floor, Washington, DC 20036; Stephen A. Weisbrod,
        **WEISBROD MATTEIS & COPLEY PLLC**, 3000 K Street Northwest, Suite 275,
        Washington, DC 20007, for Defendant ASI, Inc.

        Plaintiff General Star Indemnity Company ("General Star") filed this declaratory

judgment action against Toy Quest Ltd. ("Toy Quest"), Samson Chan, Alan Chan, Lisa Liu

(collectively "Toy Quest Defendants"), and ASI, Inc. (collectively "Defendants").  General

Star seeks a declaration from the Court that it is not obligated to continue its defense, and thus, to not indemnify, Toy Quest Defendants in the action *ASI, Inc. v. Aquawood, LLC*, No. 19-763 ("ASI Action"). General Star issued Toy Quest Defendants a commercial general liability policy that included a duty to defend against, among others, claims of malicious prosecution. Toy Quest Defendants now face a claim of abuse of process, for which they seek defense and indemnification. Because Minnesota law applies and Minnesota courts would interpret malicious prosecution to unambiguously exclude abuse of process, the Court finds that ASI's claim against Toy Quest Defendants for abuse of process falls outside the scope of policy coverage. Thus, General Star has no duty to defend nor indemnify, and the Court will grant General Star's motion for judgment on the pleadings.

## BACKGROUND

### I.    FACTS

The current action stems directly from the ASI Action because General Star has, under reservation of rights, been defending Toy Quest Defendants in that action. (Compl. ¶¶ 4–5, Sept. 16, 2022, Docket No. 1.) General Star now seeks declaratory judgment that it need not defend or indemnify Toy Quest Defendants under its commercial general liability insurance policy. (*Id.* ¶ 6.)

In 2013, in the underlying ASI Action, ASI received default judgment against Manley Toys Limited for $8.5 million ("Manley Judgment"). (*Id.* ¶¶ 28–29.) To date, ASI has been unable to collect on the Manley Judgment and have claimed that Toy Quest Defendants

and others have conspired to avoid paying the judgment.  (*Id.* ¶ 30.)   As a result, in 2019 ASI filed a litany of claims against Toy Quest Defendants and others—alleging violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, fraud, and abuse of process.  (*Id.* ¶¶ 26, 29, 31.)

Toy Quest Defendants tendered the ASI Action to General Star for defense of the abuse of process claim[1] and indemnification per their insurance policies.  (*Id.* ¶ 32.) General Star has been defending Toy Quest Defendants under reservation of rights but also brought this action for a determination that the ASI Action does not fall under the policy coverage.  (*Id.* ¶¶ 33–35.)

General Star and Toy Quest agreed to two insurance policies: a primary commercial general liability insurance policy ("Primary Policy") and an excess liability policy ("Excess Policy") (collectively the "Policies").  (*Id.* ¶¶ 1–2.)  The Primary Policy covers "Bodily Injury and Property Damage Liability," "Personal and Advertising Injury Liability," and "Medical Payments."  (*Id.*, Ex. 1 ("Primary Policy") at 18, 23.)  The only coverage at issue is coverage under "Personal and Advertising Injury."   (*See generally* Compl.)   The Excess Policy increases the total indemnification amounts but does not broaden the scope of the Primary Policy.  (*Id.*, Ex. 2 ("Excess Policy") at 4.)

---

[1] The parties agree that the only claim from the ASI Action at issue here is abuse of process.  (Pl.'s Mem. at 14, May 31, 2024, Docket No. 55.)

The Primary Policy requires General Star to defend and indemnify for "damages because of 'personal and advertising injury'" but only to the extent the insurance policy applies. (Primary Policy at 23.) "Personal and Advertising Injury" is defined as:

> [I]njury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> a. False arrest, detention or imprisonment;
> b. Malicious prosecution;
> c. The wrongful eviction from, wrongful entry into, or invasion, of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
> e. Oral or written publication of material, in any manner, that violates a person's right of privacy;
> f. The use of another's advertising idea in you "advertisement;" or
> g. Infringing upon another's copyright, trade dress or slogan in your "advertisement."

(*Id.* at 32.)

The Primary Policy also contains many exclusions when coverage is triggered, but relevant to this action are only two: the Intellectual Property Exclusion and Pre-Existing Injury Exclusion. (*See id.* at 23–24.)

## II.    PROCEDURAL HISTORY

General Star initiated this action against Toy Quest Defendants and ASI seeking declaratory judgment that the abuse of process claim does not trigger coverage and, regardless, that it would be excluded under either the Intellectual Property Exclusion or

the Pre-Existing Injury Exclusion. (Compl. ¶ 6.) Toy Quest Defendants moved to dismiss asking the Court to abstain from exercising jurisdiction. (Mot. to Dismiss, Dec. 9, 2022, Docket No. 23.) The Court denied Toy Quest Defendants' motion to dismiss. (Order Denying Mot. Dismiss, Aug. 2, 2023, Docket 43.) All Defendants answered, and Toy Quest Defendants asserted affirmative defenses of failure to state a claim, lack of personal jurisdiction, and waiver, laches, unclean hands, estoppel, estoppel by acquiescence, release, res judicata, or mootness.[2] (ASI Answer, Dec. 9, 2022, Docket No. 29; Toy Quest Answer, Aug. 30, 2023, Docket No. 44.)

Now, General Star seeks judgment on the pleadings. (Mot. J. Pleadings, May 31, 2024, Docket No. 53.) All Defendants oppose the motion. (ASI Opp., July 8, 2024, Docket No. 62; Toy Quest Opp., July 8, 2024, Docket No. 61.) After fact discovery closed, General Star filed a motion for summary judgment. (Mot. Summ. J., Sept. 30, 2024, Docket No. 96.) ASI filed two additional motions to compel. (Mot. Compel General Star, Sept. 13, 2024, Docket No. 82; Mot. Compel Toy Quest Defs., Sept. 27, 2024, Docket No. 90.)

---

[2] Toy Quest Defendants urge the Court to deny the motion for judgment on the pleadings simply because they listed affirmative defenses. The Court will not delay its ruling on this motion, however, as the affirmative defenses do not raise any material issues of fact. *S. Glazer's Wine & Spirits, LLC v. Harrington*, 594 F. Supp. 3d 1108, 1119–20 (D. Minn. 2022).

**DISCUSSION**

**I.    STANDARD OF REVIEW**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  The Court analyzes a motion for judgment on the pleadings under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

In reviewing a motion to dismiss, the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party."  *Syverson v. FirePond, Inc.,* 383 F.3d 745, 749 (8th Cir. 2004) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).  However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and

the moving party is entitled to judgment as a matter of law." *Wishnatsky v. Rovner*, 433

F.3d 608, 610 (8th Cir. 2006).

## II.     ANALYSIS

Insurance contract interpretation is a matter of state law. *Capella Univ., Inc. v.*

*Executive Risk Specialty Ins. Co.*, 617 F.3d 1040, 1045 (8th Cir. 2010).  As such, prior to

determining the scope of coverage under the Primary Policy, the Court must first

determine which state's substantive law applies.

### A.     Choice of Law

General Star and Toy Quest Defendants, the parties to the Policies, both argue that

Minnesota law should apply, while ASI argues for California law.[3]  The Policies contain no

choice of law provision.[4]

As Minnesota is the forum state, its choice of law rules govern. *C.H. Robinson*

*Worldwide, Inc. v. Traffic Tech., Inc.*, 60 F.4th 1144, 1149 (8th Cir. 2023).  Under those

choice of law rules, the Court first determines whether there is actually a conflict; only if

---

[3] ASI urges the Court to defer ruling until it has had the opportunity to conduct more discovery.  However, the Court does not find that any additional discovery is necessary or would be helpful so it will deny ASI's request.

[4] In its order denying Toy Quest Defendants' motion to dismiss, the Court contextualized the claims under Minnesota law.  The Court, however, did not engage with a choice of law analysis at that time.

a conflict exists will the Court then apply a significant contacts test to determine which law to apply.  *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1123–24 (8th Cir. 2012).[5]

The Court finds no conflict between California and Minnesota law and that therefore Minnesota law should apply.  However, even assuming a conflict existed, Minnesota's significant contacts test commands the Court to apply Minnesota law.

### 1.    Conflict

The Court must first determine if the laws of the two states actually conflict.  *Phillips v. Marist Soc. of Washington Province*, 80 F.3d 274, 276 (8th Cir. 1996).  The laws conflict when the choice is outcome determinative.  *Whitney*, 700 F.3d at 1123.

California and Minnesota both interpret insurance contracts such that if a term is unambiguous, it must be enforced according to that unambiguous meaning.  *Compare Murray v. Greenwich Ins. Co.*, 533 F.3d 644, 648 (8th Cir. 2008) (describing Minnesota contract interpretation) *with Palmer v. Truck Ins. Exchange*, 988 P.2d 568, 572–73 (Cal. 1999) (describing California contract interpretation).    However, as the parties acknowledge, California and Minnesota may differ in determining whether "malicious prosecution" is ambiguous.

---

[5] The Court is also required to determine that any potential substantive law satisfies the Constitution.  *Whitney*, 700 F.3d at 1123.  But neither party disputes the constitutionality of Minnesota or California law, and both states clearly have sufficient contacts to satisfy the constitution, so either state's substantive law could clear this hurdle.  *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312–13 (1981).

The Ninth Circuit, in attempting to predict what the California Supreme Court would do, has interpreted malicious prosecution in insurance contracts as covering abuse of process. *Lunsford v. Am. Guarantee & Liability Ins. Co.*, 18 F.3d 653 (9th Cir. 1994). But the California Supreme Court has not decided the issue.[6]  In the thirty years since the *Lunsford* decision, courts have been moving in the other direction: finding malicious prosecution in these types of contracts to unambiguously exclude abuse of process because any other outcome would ""run[] headlong into . . . the plain language of the Policy." *Travelers Indem. Co. of Connecticut v. Univ. Hall Condo. Owners Ass'n*, No. 18-3551, 2020 WL 1508907, at *6 (D.D.C. Mar. 30, 2020); *see also Hinkle v. State Farm Fire & Cas. Co.*, 308 P.3d 1009, 1015 (N.M. Ct. App. 2013) ("*Lunsford* appears to state a minority position, and the majority of courts have reached the opposite conclusion."). Signaling a willingness to depart from *Lunsford*, a California Court of Appeals recently noted that *Lunsford* does not mean that the term malicious prosecution is categorically ambiguous. *Travelers Prop. Casualty Co. of Am. v. KLA-Tencor Corp.*, 258 Cal. Rptr. 3d 545, 550 (Cal. Ct. App. 2020).   Therefore, the Court believes that if the issue were determined today on first impression, the California Supreme Court would follow the national trend and find that the term "malicious prosecution" unambiguously excludes abuse of process.

---

[6] Furthermore, as a federal district court sitting in the Eighth Circuit, the Court is not bound by the Ninth Circuit's interpretation of California law.

The Minnesota Supreme Court has similarly not spoken on this issue. For similar reasons, however, the Court predicts that Minnesota would also follow the national trend and find malicious prosecution to unambiguously exclude a duty to defend abuse of process claims.

Because the outcome would be the same under either state, no conflict results and the Court can apply Minnesota law without further analysis. But even in the face of an outcome determinative conflict, a choice of law analysis counsels applying Minnesota law.

### 2.    Significant Contacts Test

In determining which of two states' laws apply, Minnesota applies the law of the state with the most "significant contacts," specifically considering five factors: "(1) predictability of result; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interest; and (5) application of the better rule of law." *Whitney*, 700 F.3d at 1124. Each factor will be taken in turn.

### a.    Predictability of Result

When analyzing predictability of result in contract choice of law disputes, the importance lies in the parties receiving the "benefit of their bargain." *Jepson v. Gen. Ca. Co. of Wisconsin*, 513 N.W.2d 467, 470 (Minn. 1994). Essentially, the Court must divine what law the parties expected would apply at the time of the agreement. *Rapp v. Green Tree Servicing, LLC*, 302 F.R.D. 505, 517 (D. Minn. 2014). With nationally applicable

-10-

contracts, courts have used the home states of the contracting parties to narrow this analysis. *Nat'l Union Fire Ins. Co. of Pittsburg v. Donaldson Co.*, 272 F. Supp. 3d 1099, 1111 (D. Minn. 2017).

The potential home states of the contracting parties are California, Connecticut, and Delaware. Toy Quest Defendants listed a California address when they signed the Policies but are based in Hong Kong. General Star is incorporated in Delaware but headquartered in Connecticut.[7]

Although ASI is a party to this action and its home state is Minnesota, it is not a party to the Policies. *See Cargill, Inc. v. Evanston Ins. Co.*, 642 N.W.2d 80, 89 (Minn. 2002) (evaluating only the home states of the parties to the insurance contract). Because ASI was not a party to the Policies, it would have no justified expectations as to where any litigation surrounding that contract would take place. *Medtronic, Inc. v. Advanced Bionics Corp.*, 630 N.W.2d 438, 454 (Minn. Ct. App. 2001).

The Policies covered a foreign company's potential litigation exposure throughout the United States. The lack of a specific forum indicates that the parties believed litigation may occur in many locations. But because California is listed as an address and the Policies do include a notice about California law, the Court finds this prong tilts towards applying California law.

---

[7] Delaware and Connecticut were never suggested as potential choices of law.

**b.      Maintenance of Interstate and International Order**

The maintenance of interstate order factor aims to avoid "manifest disrespect for [California's] sovereignty or impede the interstate movement of people and goods." *Wohlert v. Hartford Fire Ins. Co.*, No. 12-54, 2013 WL 1249214, at *6 (D. Minn. Mar. 27, 2013) (quotation omitted).  Courts should consider the contacts states have to the "facts and issues being litigated," *Sigler v. Ecolab, Inc.*, 625 F. Supp. 3d 789, 802 (D. Minn. 2022), and should attempt to prevent forum shopping.  *Johannessohn v. Polaris Indus., Inc.*, 450 F. Supp. 3d 931, 964 (D. Minn. 2020).

Without question, Minnesota has the strongest contacts to this action.  California is listed as the address of one party to the Policies and the Policies briefly reference California law, but the ASI Action, and underlying allegations all took place outside of California.  The action General Star is being asked to defend is located in Minnesota.  The allegations in the ASI Action relate to conduct in Minnesota, Tennessee, and New Jersey —not California.  Further, the judgment from which ASI contends the Toy Quest Defendants are abusing the process to avoid paying was issued in Minnesota.  So much of the underlying actions have taken place in Minnesota that it is reasonable and rational to file this action in Minnesota, and not likely a result of forum shopping.  Because California has almost no contacts with the dispute and Minnesota has strong contacts, this factor firmly weighs in favor of applying Minnesota law.

-12-

### c.    Simplification of the Judicial Task

This factor is typically neutral because courts can easily apply the laws of other jurisdictions. *Hughes v. Wal-Mart Stores, Inc.*, 250 F.3d 618, 620 (8th Cir. 2001).  However, some courts have noted this factor as favoring Minnesota because undoubtably it will be easier for a Minnesota court to apply Minnesota Law.  *Advanced Bionic Corp.*, 630 N.W.2d at 455.  Because basic contract interpretation is familiar to courts everywhere this factor is neutral.

### d.    Advancement of the Forum's Governmental Interest

The fourth factor is typically an analysis of the "relative policy interests of the two states."  *Black Marin Grp. v. CarVal Invs., LLC*, 829 F.3d 592, 596 (8th Cir. 2016) (citation omitted).  Both Minnesota and California aim to have insurance policies interpreted fairly and ambiguities resolved in favor of the insured, so this factor is neutral.

### e.    Application of the Better Rule of Law

The better rule of law factor is only evaluated if the previous four factors are inconclusive.  *Danielson v. Nat'l Supply Co.*, 670 N.W.2d 1, 9 (Minn. Ct. App. 2003).  Two factors are neutral, one favors California law, and one favors Minnesota.  The better rule of law is the one that makes "good socio-economic sense for the time when the court speaks."  *Jepson*, 513 N.W.2d at 473.  The Eighth Circuit has endorsed the position that one law can be considered better when the conflicting law is "archaic and unfair."  *See Hughes*, 250 F.3d at 621 (describing the better rule of law prong under Arkansas law which uses the same five factor test as Minnesota).  The Ninth Circuit's interpretation of

malicious prosecution does not warrant the label of "archaic and unfair," but it certainly does not align with changing interpretations.[8]  *See Travelers Indem. Co. of Connecticut*, 2020 WL 1508907, at \*6.   As such, the application of the better rule of law supports applying Minnesota law because it allows the Court to ensure that the law represents the most up to date understanding of malicious prosecution in nationwide insurance contracts.

*      *      *

In sum, Minnesota law should apply.  The Court does not find a conflict because notwithstanding the holding in *Lunsford*, the Court believes that the California Supreme Court would likely evaluate malicious prosecution to unambiguously exclude abuse of process.  The Court predicts the Minnesota Supreme Court would reach the same conclusion.  However, even assuming a conflict exists, the choice of law analysis directs the Court to apply Minnesota law.  Thus, the Court will apply Minnesota law.

**B.    Policy Coverage**

Having determined that Minnesota law applies, the Court now evaluates the contract to determine whether the claim for abuse of process triggers General Star's duty to defend Toy Quest Defendants in the underlying ASI Action.

---

[8] The Ninth Circuit in *Lunsford* relied on the reasoning in *Koehring Co. v. Am. Mut. Liab. Ins. Co.*, 564 F. Supp. 303, 311 (E.D. Wis. 1983) for support that the distinction between malicious prosecution and abuse of process is unclear.  However, Wisconsin has since ruled differently.  *Heil Co. v. Hartford Acc. & Indem. Co.*, 937 F. Supp. 1355, 1363 n.4 (E.D. Wis. 1996).

A duty to defend lies in the contract between the parties. *Polaris Indus., L.P. v. Cont'l Ins. Co.*, 539 N.W.2d 619, 621 (Minn. Ct. App. 1995). Courts compare the allegations in the complaint and the language of the contract to determine whether a duty to defend arises. *Ross v. Briggs & Morgan*, 540 N.W.2d 843, 847 (Minn. 1995). This duty is triggered if any part of the claims in the underlying case are "arguably" within the scope coverage. *Jostens, Inc. v. Mission Ins. Co.*, 387 N.W.2d 161, 165–66 (Minn. 1986).

The only claim in the ASI action that requires evaluation is the abuse of process claim. The only term in the insurance contract that could require a duty to defend against the abuse of process claim is malicious prosecution.

Insurance contract terms are given their plain and ordinary meaning if they are "clear and unambiguous." *Eng'g & Const. Innovations, Inc. v. L.H. Bolduc Co., Inc.*, 825 N.W.2d 695, 704 (Minn. 2013). Clarity and unambiguity are evaluated from the perspective of the lay person, not an industry expert. *Jaunich v. State Farm Life Ins. Co.*, 569 F. Supp. 3d 912, 916 (D. Minn. 2021). Ambiguity exists only when terms are susceptible to more than one reasonable interpretation and ambiguities are resolved in favor of coverage. *Jenoff, Inc. v. New Hampshire Ins. Co.*, 558 N.W.2d 260, 262 (Minn. 1997); *Depositors Ins. Co. v. Dollansky*, 919 N.W.2d 684, 689 (Minn. 2018). The question therefore becomes whether a reasonable insured would have understood "malicious prosecution" to encompass abuse of process.

-15-

In Minnesota, abuse of process and malicious prosecution share similarities but are distinct torts. *See, e.g.*, *Dunham v. Roer*, 708 N.W.2d 552, 572 n.5 (Minn. Ct. App. 2006). The parties here chose to list specific, enumerated torts in the contract. In doing so, they included malicious prosecution and omitted abuse of process. It is not reasonable that an average insured would understand a commercial general liability policy that required a duty to defend against specific, enumerated claims would also cover additional, unstated claims, even if legally similar. *See Lamoureux v. MPSC, Inc.*, 849 F.3d 737 (8th Cir. 2017) (discussing the application of expressio unius est exclusion alterius in contract interpretation).

Under the plain terms of the contract, the Court will find, as many other courts have done,[9] that malicious prosecution is unambiguous and means only malicious prosecution. Because abuse of process is not even arguably covered by the Primary Policy, the duty to defend is not triggered. Accordingly, the Court will grant General Star's motion for judgment on the pleadings and declare it has no duty to defend Toy Quest Defendants in the underlying ASI Action.

---

[9] *See Westminster Am. Ins. Co. v. Spruce 1530, LLC*, 853 F. App'x 793, 797 (3d Cir. 2021) (holding no duty to defend exists when malicious prosecution claim dismissed with prejudice and only abuse of process remained); *see also Travelers Indem. Co. of Connecticut*, 2020 WL 1508907, at *6 (summarizing cases that exclude abuse of process from malicious prosecution).

Because the Court has determined that the Primary Policy was never triggered, it need not address whether any exclusions apply.[10]  Additionally, the Court need not determine whether General Star has a duty to indemnify because the duty to defend is broader than the duty to indemnify.  *Fireman's Fund Ins. Co. v. Hartford Fire Ins. Co.*, 73 F.3d 811, 816 (8th Cir. 1996).

## CONCLUSION

General Star has been defending Toy Quest Defendants in the underlying ASI Action under reservation of rights.  General Star has now asked the Court to declare that it has no duty to defend because a claim for abuse of process does not trigger policy coverage.  Because the Primary Policy only includes a duty to defend malicious prosecution, not abuse of process, General Star has no duty to defend.  Accordingly, the Court will grant General Star's motion for judgment on the pleadings.  All other pending motions will be denied as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Motion for Judgment on the Pleadings [Docket No. 53] is **GRANTED**.

2.   Plaintiff's Motion for Summary Judgment [Docket No. 96] is **DENIED as moot**.

---

[10] Further, the parties acknowledged at oral argument that the Pre-Existing Injury Exclusion does not apply.

3.  Defendant ASI's Motions to Compel [Docket Nos. 82 & 90] are **DENIED as moot.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  January 21, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge