UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

GENERAL STAR INDEMNITY COMPANY,

Plaintiff,

v.

TOY QUEST LTD.; CHAN MING YIU, *also known as*, SAMSON CHAN; CHAN SIU LUN, *also known as*, ALAN CHAN; LIU YI MAN, *also known as*, LISA LIU; and ASI, INC.,

Defendants.

Civil No. 22-2258 (JRT/DTS)

MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY

---

Cara Tseng Duffield, **LAVIN RINDNER DUFFIELD LLC**, 1717 K Street Northwest, Washington, DC 20006; Erin D. Doran and Laura J. Hanson, **MEAGHER & GEER, P.L.L.P.**, 33 South Sixth Street, Suites 4300 and 4400, Minneapolis, MN 55402, for Plaintiff.

Brandon Underwood, **FREDRIKSON & BYRON, P.A.**, 111 East Grand Avenue, Suite 301, Des Moines, IA 50309; Richard D. Snyder, **FREDRIKSON & BYRON, P.A.**, 60 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for Defendants Toy Quest Ltd., Samson Chan, Alan Chan, and Lisa Liu.

Keith M. Sorge, **ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, PA**, 81 South Ninth Street, Suite 500, Minneapolis, MN 55402; Shelli L. Calland, **WEISBROD MATTEIS & COPLEY PLLC**, 1200 New Hampshire Avenue Northwest, Fourth Floor, Washington, DC 20036; Stephen A. Weisbrod, **WEISBROD MATTEIS & COPLEY PLLC**, 3000 K Street Northwest, Suite 275, Washington, DC 20007, for Defendant ASI, Inc.

For several years Plaintiff General Star Indemnity Company ("General Star") defended Toy Quest Ltd. ("Toy Quest"), Samson Chan, Alan Chan, and Lisa Liu (collectively

"Toy Quest Defendants") pursuant to a general commercial liability policy under reservation of rights. General Star then sought and received a declaratory judgment from the Court that it had no duty to defend. General Star subsequently withdrew its defense, and the Toy Quest Defendants appealed the Court's decision. Now the Toy Quest Defendants have filed a motion to stay the Court's order while their appeal is pending. Because the relief requested is unavailable under Federal Rule of Civil Procedure 62 and the Court does not have jurisdiction to take other action, the Court will deny the Toy Quest Defendants' motion to stay.

## BACKGROUND

The Court's order granting General Star's motion for judgment on the pleadings explained in detail the factual and procedural history. *Gen. Star Indem. Co. v. Toy Quest Ltd.*, No. 22-2258, 2025 WL 253413, at *1–2 (D. Minn. Jan. 21, 2025). The Court will include only the background relevant to decide the instant motion to stay.

General Star issued the Toy Quest Defendants a general commercial liability policy that included a duty to defend against, among others, claims of malicious prosecution. *Id.* at *1. Defendant ASI, Inc. brought a claim of abuse of process against the Toy Quest Defendants in the action *ASI, Inc. v. Aquawood, LLC*, No. 19-763 ("ASI Action"). *Id.* General Star had been defending the Toy Quest Defendants in the ASI Action under reservation of rights but also filed this action for declaratory judgment. *Id.*

On the motion for judgment on the pleadings, the Court determined that coverage for malicious prosecution claims under the General Star policy did not extend to claims

for abuse of process and as such, General Star had no duty to defend the Toy Quest Defendants. *Id.* at *7. After the Court issued its order, General Star withdrew its defense in the underlying ASI Action. (Decl. of Brandon R. Underwood ¶ 4, Ex. A at 1, Feb. 11, 2025, Docket No. 129.) The Toy Quest Defendants have appealed the Court's coverage determination. (Notice of Appeal, Feb. 11, 2025, Docket No. 123.) The Toy Quest Defendants also filed a motion to stay proceedings pending appeal, seeking an order from the Court that General Star reinstate its defense in the underlying ASI Action until the Eighth Circuit issues a decision. (Mot. to Stay, Feb. 11, 2025, Docket No. 125.)

**DISCUSSION**

It is well-established that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, (1982) (per curiam). Thus, once a notice of appeal is filed, a district court is ordinarily divested of its jurisdictional power over "those aspects of the case involved in the appeal." *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (quoting *Griggs*, 459 U.S. at 58).

Federal Rule of Civil Procedure 62, however, provides some limited exceptions to that general rule. As relevant here, a party may generally obtain a stay as of right from the district court for monetary judgments "by providing a bond or other security" at "any time after judgment is entered." Fed. R. Civ. P. 62(b). But a stay of an injunction pending appeal is within the district court's discretion. *See* Fed. R. Civ. P. 62(c), (d); *Brady v. Nat'l Football League*, 779 F. Supp. 2d 1043, 1045–46 (D. Minn. 2011) (noting a stay of an

injunction "is not a matter of right, but rather an exercise of judicial discretion") (citation modified).

I.   ANALYSIS

Here, the Toy Quest Defendants request that the Court stay its declaratory judgment—effectively asking the Court to require that General Star restart its defense of the Toy Quest Defendants in the underlying ASI Action. But that request falls outside the bounds of Rule 62.

First, courts have typically declined to issue stays as a matter of right under Rule 62(b) when the declaratory judgment is non-monetary in nature. *See, e.g.*, *Marine Club Manager, Inc. v. RB Com. Mortg., LLC*, No. 3:22-609, 2023 WL 8103154, *3 (W.D.N.C. Nov. 21, 2023) (applying Rule 62 to declaratory judgment that was monetary but not to declaratory judgment that was non-monetary); *Bridgefield Cas. Ins. Co. v. River Oaks Mgmt., Inc.*, No. 12-2336, 2013 WL 5934434, at *1 (E.D. La. Nov. 4, 2013) (discussing the inapplicability of Rule 62 when a declaratory judgment does not require payment of a specific sum of money). *But see Adzick v. Unum Life Ins. Co. of Am.*, No. 99-808, 2003 WL 21011345, at *1 (D. Minn. Apr. 16, 2003) (applying stay to entire declaratory judgment when only a portion was monetary in nature).

Such is the case here. The Court's declaratory judgment does not direct payment of any amount of money, and any incidental monetary impact does not transform the declaratory judgment into a monetary judgment. *Cf. Liberty Mut. Fire Ins. Co. v. Clemens Coal Co.*, No. 14-2332, 2017 WL 4758948, at *3 (D. Kan. Oct. 20, 2017) (explaining that a

declaratory judgment determining that policy coverage does not extend to a specific claim did not require payment of a specific sum of money and thus was not monetary).

Second, the Court's declaratory judgment is not an injunction for which the Court could stay the judgment in its discretion under Rule 62(d). The Toy Quest Defendants characterize their request as one that would require General Star to restart its defense in the underlying ASI Action because General Star only withdrew after the Court granted judgment on the pleadings. But whatever practical effects might flow from the Court's order, it did not enjoin any conduct. The Court therefore need not even evaluate whether a stay is appropriate for the judgment under Rule 62(d) because the Court's order falls outside the scope of that rule.

Therefore, no Rule 62 jurisdictional exception applies.[1] The Toy Quest Defendants have filed an appeal, and the Court is divested from jurisdiction to consider an injunction. Accordingly, the Court will deny the Toy Quest Defendants' motion to stay proceedings pending appeal.

---

[1] The parties agree that other Rule 62 exceptions do not apply in this case. *See, e.g.*, Fed. R. Civ. P. 62(e) (stays without bond by the United States); Fed. R. Civ. P. 62(f) (stays in favor of a judgment debtor under state law).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Toy Quest Defendants' Motion to Stay Proceedings Pending Appeal [Docket No. 125] is **DENIED**.

DATED:  August 4, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge